IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GREAT LAKES REINSURANCE (UK) PLC,** | § § § | |
| Plaintiff, | § | C.A. No. 4:10-cv-02060 |
| | § | Rule 9(H) Admiralty |
| V. | § § | |
| **TICO TIME MARINE LLC,** | § § | |
| Defendant | § | |

**PLAINTIFF'S MOTION TO DISMISS, IN PART, DEFENDANT'S
COUNTERCLAIMS FOR FAILURE TO STATE A CLAIM**

TO THE HONORABLE OF SAID COURT:

COMES NOW, the Plaintiff/Counter-Defendant, Great Lakes Reinsurance (UK) PLC ("Great Lakes"), and files this Motion to Dismiss, in part, Defendant/Counter-Plaintiff's suit for failure to state a claim upon which can be granted, as authorized by FED. R. CIV. P. 12(b)(6).

### A. INTRODUCTION

1. Plaintiff is Great Lakes Reinsurance (UK) PLC; Defendant is Tico Time Marine LLC.

2. Great Lakes filed this Declaratory Judgment action and invoked the Court's admiralty jurisdiction pursuant to Rule 9(H) of the Federal Rules of Civil Procedure. Great Lakes seeks a declaration that it has no obligation to Defendant under a policy of marine insurance issued in 2005 and renewed in 2009 providing coverage to Defendant's vessel The M/V TICO TIME II. Along with its Answer, the Defendant filed

a Counterclaim asserting various causes of action including claims under the Texas Deceptive Trade Practices Act (TEX. BUS. & COM. CODE §§ 17.46(b)(12), 17.46(b)(24), 17.50(a)(4) and 17.50(d)), the Texas Insurance Code (TEX. INS. CODE §§ 541.060, 541.061, 542.058, and 541.151), and a claim for attorney's fees under TEX. CIV. PRAC. & REM. CODE § 38.001.  Defendant also asserted counterclaims for breach of the duty of good faith and fair dealing and for alleged negligence in the handling of the Defendant's insurance claim.

Defendant's counterclaim seeking recovery under the Texas Insurance Code, Texas Deceptive Trade Practices Act, and Texas Civil Practice and Remedies Code must be dismissed for failure to state a claim upon which relief can be granted for two reasons. First, the insurance policy at issue in this litigation provides that any dispute arising under the policy shall be governed by Federal Admiralty Law or the substantive law of the State of New York.  Accordingly, the law of the State of Texas does not apply to this dispute and no claims arising under Texas law may be pursued.  Second, the Texas law contained in the aforementioned statutes is completely preempted by Federal Admiralty law because the statutes are inconsistent with established admiralty law principals with respect to recoverable damages and attorney's fees.

## B. ARGUMENT

3.      The choice of law provision contained in the Marine Insurance Contract at issue here states as follows:

> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the State of New York.

(Paragraph 11 of the governing policy form, a true and correct copy of which is attached hereto as Exhibit "A"). Because either admiralty law or New York law applies to every issue in this lawsuit, Defendant's counterclaims arising under Texas statutes are not viable, may not be pursued, and must be dismissed.

4. An alternative ground for dismissing Defendant's counterclaims is that any cause of action arising under the DTPA, the TEXAS INSURANCE CODE, or Section 38.001 of the CIV. PRAC. & REM. CODE is preempted by federal maritime law. Numerous courts have held that state consumer protection statutes are preempted by federal admiralty law when their damages provisions conflict with admiralty law regarding recoverable damages. For example, in *DeRossi v. Nat'l Loss Mgmt.,* 328 F. Supp. 2d. 283 (D. Conn. 2004), an insured under a marine insurance policy sued the insurer under Connecticut's Consumer Protection Statute and Connecticut's Unfair Insurance Practices Act. After first holding that no private cause of action existed under Connecticut's Insurance Code, the court granted summary judgment for the insurer holding that claims under the Consumer Protection Statute were preempted by federal admiralty law because the damages provisions of the statute regarding attorney's fees and punitive damages were not consistent with the standards established in admiralty law. *Id.* at 289, *citing Norwalk Cove Marina, Inc. v. S/V ODYSSEUS,* 90 F.Supp. 2d 190, 193 (D. Conn. 2000). The court noted that because the Connecticut consumer protection statute allowed for the

recovery of attorney's fees, it was inconsistent with admiralty law's application of the "American rule," which is that each party bears its own attorney's fees absent a finding of bad faith. *Id.* at 288-89. Other courts have reached similar conclusions. *See, e.g., In re: Park West Galleries, Inc.*, MDL No. 09-2076 RSL, 2010 U.S. Dist. LEXIS 6034, *13 (W.D. Wash. January 5, 2010) (holding that because the damages provisions of the Washington, Connecticut, and Florida Consumer Protection Acts allowed for the recovery of attorney's fees and/or treble damages, they conflicted with the established admiralty law and were preempted); *F.W.F. Inc. v. Detroit Diesel Corp.*, 494 F.Supp. 2d 1342 (S.D. Fla. 2007) (holding that general federal maritime law preempts a claim for damages under the Florida Consumer Protection Statute because the damages provision regarding attorney's fees and punitive damages are not consistent with the standards established in admiralty law). Because both the Texas DTPA (TEX. BUS. & COM. CODE § 17.50(d)) and the Texas Insurance Code (§ 541.152) provide that the prevailing claimant can recover attorney's fees, they are inconsistent with a well-established rule of admiralty that, absent extraordinary circumstances not present here, the parties are to bear their own attorney's fees and costs. Accordingly, the statutory counterclaims made by the Defendant are preempted by Federal Admiralty Law and should be dismissed. Similarly, the Defendant's counterclaim for attorney's fees pursuant to § 38.001 of the CIV. PRAC. & REM. CODE is likewise inconsistent with the admiralty rule and is preempted.

### C. **CONCLUSION**

5. Because Defendant/Counter-Plaintiff has not stated claims upon which relief can be granted with respect to the claims asserted under the Texas DTPA, the Texas

Insurance Code, and Section 38.001 of the Texas Civil Practice and Remedies Code, these claims should be dismissed.

        Respectfully submitted,

        **FOWLER RODRIGUEZ VALDES-FAULI**

        */s/ Timothy W. Strickland*
By: _____
        Timothy W. Strickland
        Attorney-in-charge
        State Bar No. 19396298
        Federal I.D. No. 13820
        Mark Lewis
        State Bar No. 12299100
        Federal I.D. No. 12799
        4 Houston Center, Suite 1560
        1331 Lamar
        Houston, Texas 77010
        Telephone: (713) 654-1560
        Facsimile: (713) 654-7930

        ***Attorneys for Plaintiff, Great Lakes Reinsurance (UK) PLC.***

## CERTIFICATE OF SERVICE

    This is to certify that on the 30th day of July, 2010, a true and correct copy of the above and foregoing has been served on all parties through the electronic filing system.

        */s/ Timothy W. Strickland*
        _____
        Timothy W. Strickland