IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GREAT LAKES REINSURANCE (UK) PLC,** § § § | | |
| Plaintiff, § | | C.A. No. 4:10-cv-02060 |
| § | | Rule 9(h) Admiralty |
| V. § | | |
| § | | |
| **TICO TIME MARINE LLC,** § | | |
| § | | |
| Defendant § | | |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S
MOTION TO DISMISS, IN PART, DEFENDANT'S COUNTERCLAIMS
FOR FAILURE TO STATE A CLAIM**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Great Lakes Reinsurance (UK) PLC ("Great Lakes"), Plaintiff in the above titled and numbered cause of action and files this Reply to Defendants' Response to Plaintiff's Motion To Dismiss, respectfully submitting as follows.

**A. Defendant's Choice of Law Analysis Is Incorrect**

In responding to Plaintiff's motion to dismiss, Defendants have applied the wrong law. Defendants' entire response to Plaintiff's motion to dismiss is premised on the incorrect assertion that Texas law and not federal maritime law or New York law should be applied. "Maritime law, as federal common law, supersedes state law if the maritime law specifically governs the conduct in question and consistently has been invoked to control such conduct." *Albany Ins. Co. v. Anh Thi Kieu*, 927 F.2d 882, 888 (5th Cir. 1991). Inexplicably, Defendants ignore the controlling choice of law provision in the

1

policy, representing the choice of the parties, and instead attempt to create a conflict of laws where one otherwise does not exist.

### *(1)     Contractual Choice of Law Provision Governs*

It is undisputed that the Marine Insurance Policy between the parties contains a choice of law provision which states:

> 12. CHOICE OF LAW
> It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the state of New York.

Texas courts will enforce a valid choice of law clause found in an insurance policy, as is the case here. *In re AIU Ins. Co.*, 148 S.W.3d 109, 114-15 (Tex. 2004). The underlying principle is to protect the parties' expectations. In that regard, the courts have repeatedly recognized that contracting parties frequently express their own choice of law for the construction and interpretation of their agreement. The Texas Supreme Court has stated that judicial respect for such a choice advances the policy of protecting the parties' expectations. *Id*. Moreover, choice of law clauses in maritime contracts have been routinely upheld by this Honorable Court. See, e.g. *Elliott v. Carnival Cruise Lines*, 231 F. Supp. 2d 555, 563 (S.D. Tex. 2002); *Garnand v. Carnival Corporation*, No. G-06-024, 2006 U.S. Dist. Lexis 33446 at *6 (S.D. Tex. May 16, 2006); *Williams v. M/V Jubilee*, 431 F. Supp. 2d 677, 682 (S.D. Tex. 2003).

Ignoring the choice of law provision, Defendants have alleged Texas law applies based on the substantial relationship test. However, as Texas Courts have repeatedly respected and enforced choice of law provisions, the Courts have held that where a choice of law provision governs the contract, it is not intended or necessary for courts to

perform a significant relationship analysis.  *Spence v. Glock*, 227 F.3d 308, 315 (5th Cir. 2000).  Such analyses as those urged by Defendants are <u>only performed in the absence of a choice of law provision</u>.  *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984); *Spence v. Glock*, 227 F.3d 308, 315 (5th Cir. 2000).

Defendant has made frequent references to *Wilburn Boat Co. v. Fireman's Fund Ins. Co.* in its Response to Plaintiff's Motion to Dismiss.  However, *Wilburn* did not involve a choice of law provision and its primary issue concerned a warranty in an insurance policy providing the houseboat involved could not be chartered for commercial purposes.  *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 311 (1955).  Consequently, Defendants have misapplied *Wilburn* to the facts of this case.

Justice Frankfurter, in his concurring opinion in *Wilburn*, used an analogy explaining the application of admiralty law to maritime insurance.  He said:

> Is it to be assumed that were the Queen Mary, on a world pleasure cruise, to touch at New York City, New Orleans and Galveston, a Lloyd's policy covering the voyage would be subjected to the varying insurance laws of New York, Louisiana and Texas?  Such an assumption, I am confident, would not prevail were decision necessary.  The business of marine insurance often may be so related to the success of many manifestations of commercial maritime endeavor as to demand application of a uniform rule of law designed to eliminate the vagaries of state law and to keep harmony with the marine insurance laws of other great maritime powers.

*Wilburn Boat Co.*, 348 U.S. at 323 (Frankfurter, J., concurring).

As Defendants' are clearly aware of the choice of law provision in the Policy and have failed to provide any basis for finding this provision invalid or unenforceable, the contract's choice of law provision must prevail.  Thus, the applicable law is United States Federal Admiralty law, but where no well established, entrenched precedent exists, the substantive laws of the state of New York shall and must be applied.

### *(2)      Texas Law Does Not Control Disputes Under The Policy*

Only when a contract does not have a choice of law provision is the substantial relationship test to be applied. *Maxus Exploration Co. v. Moran Bros., Inc.*, 817 S.W.2d 50, 53 (Tex. 1991). Thus, Defendants application of the substantial relationship test in concluding Texas law applies is not proper here. Under federal admiralty law, where the parties have included a choice of law clause, as was done here, that state's law will govern unless the state "has no substantial relationship to the parties or the transaction or the state's law conflicts with the fundamental purposes of maritime law." *Great Lakes Reinsurance (UK) PLC v. S. Marine Concepts, Inc.*, No. G-07-276, 2008 U.S. Dist. LEXIS 109327 at *4 (S.D. Tex. 2008) (quoting *Stoot v. Fluor Drilling Services*, 851 F.2d 1514, 1517 (5th Cir. 1988)). Defendants have not established that New York law has no substantial relationship to the parties or transaction. Nor have Defendants established that New York law conflicts with the fundamental purposes of maritime law.

To the contrary, New York law does not conflict with the rules followed in the other districts and New York does have a substantial connection to the parties. Namely, New York is the first state that Plaintiff, Great lakes, was approved in as a surplus lines carrier, Plaintiff's agent for service is domiciled in New York, and Plaintiff maintains its bank/trust accounts in New York. *Great Lakes Reinsurance (UK) PLC v. S. Marine Concepts, Inc.*, No. G-07-276, 2008 U.S. Dist. LEXIS 109327 at *4 (S.D. Tex. 2008). To argue that the parties do not have a substantial relationship to New York or even a reasonable basis for choosing New York as the governing law in the Policy is simply wrong and unsubstantiated.

However, even if Defendants could somehow establish that the choice of law provision in the contract was not valid and a choice of law analysis was appropriate, Texas law would still not apply. In reaching the conclusion that Texas law applies, Defendants have incorrectly applied the most significant relationship test. In determining the most significant relationship to parties and the occurrence, the following factors are considered: (a) the place where the injury occurred, (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place or incorporation and place of business of both parties, and (d) the place where the relationship, if any, between the parties is centered. *Jelec USA v. Safety Controls*, 498 F. Supp. 2d 945, 951-52 (S.D. Tex. 2007).

The evidence does not support that Texas has the most significant relationship to the parties or the occurrence. Great Lakes is not a Texas corporation, nor does it maintain its principle place of business in Texas. (See Plaintiff's Original Complaint and Request for Declaratory Judgment). The vessel is not a Texas vessel. In fact, the home port of M/V Tico Time II is Bikini Island in the Republic of the Marshall Islands, Pacific. (See Exhibit A, July 8, 2008 Vessel Survey). The vessel's survey or inspections were not performed in Texas. The last survey of the vessel was on July 8, 2008 in Puntarenas, Costa Rica. (See Exhibit A). The vessel at issue was never in Texas, and at all times relevant herein was purchased in Florida and taken directly to Costa Rica. The Policy at issue was delivered to Defendants' insurance broker in Pompano Beach, Florida, not Texas. (See Exhibit B, Policy Schedule Policy No: OSPYP/120612). The Policy contains navigational limits for the West Coast of Central America, not Texas. (See Exhibit B). In fact, the vessel was not even insured to operate in the Atlantic Ocean, let

alone the Gulf of Mexico. Finally all of the events, acts, and omissions relating the partial sinking of the vessel occurred in Costa Rica, where the vessel was docked and had been kept since 2005. Texas does not have the most significant relationship to this action and certainly does not have a connection substantial enough to overcome enforcement of the New York Choice of Law provision in the Policy.

Finally, this Honorable Court has already held that this exact same forum selection clause was valid when this very same issue was resolved in litigation two years ago. This Court stated:

> [Defendant] argues that New York has no substantial relationship to the dispute or the parties, and the clause is therefore unenforceable. In place of the choice of law provision, [Defendant] argues that Texas law should apply as the state with the most substantial relationship to the litigation. However, Great Lakes has offered evidence that it has substantial assets in and connections to New York, including the presence of its agent for service. This is enough to uphold the agreed-to choice of law provision. Well established principles of federal admiralty law are applicable, and in their absence, New York law will apply.

*Great Lakes Reinsurance (UK) PLC v. S. Marine Concepts, Inc.*, No. G-07-276, 2008 U.S. Dist. LEXIS 109327 at *4 (S.D. Tex. 2008).

The insurance Policy at issue provides coverage for the vessel, M/V Tico Time II, and contains a valid and enforceable choice of law provision requiring the application of New York state law. The intent of a choice of law provision is to provide certainty, uniformity and protect the parties' expectations in an insurance policy which is ensuring a vessel which could be located anywhere. To allow Defendants to ignore this provision in the marine insurance policy, the subject of which is a vessel that was never in Texas nor intended to be in Texas, is contrary to the intent of the clause and improper. See e.g. *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984).

Thus, the insurance policy should be governed by admiralty law. Where admiralty law is silent on an issue, then the forum selection clause should prevail and the Court should apply the laws of the State of New York as both parties originally agreed. Consequently, Defendant's counterclaims seeking recovery under the Texas Insurance Code, Texas Deceptive Trade Practices Act, and Texas Civil Practice and Remedies Code should be dismissed because admiralty law and New York law should be applied instead of Texas law.

### B.  Defendant Is Not Entitled to A Jury Trial Under Admiralty Law

In Defendant's Original Answer and Counterclaims, Defendant requested a jury trial on all issues. However, due to its nature as an admiralty and maritime claim, the action should be tried to the Bench. Great Lakes designated its Original Complaint as an admiralty claim under Fed. R. Civ. P. 9(h). The plaintiff has the right to designate its action as a Rule 9(h) admiralty claim, and such designation would preclude a jury trial demand from the defendant. *Arkwright-Boston Mfrs. Mut. Ins. Co. v. Bauer Dredging Co., Inc.*, 74 F.R.D. 461 (S.D. Tex. 1977). This decision corresponds with Fed. R. Civ. P. 38(e) which states that "[t]hese rules do not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)."

Even in a situation where a defendant claims a Seventh Amendment right to a jury regarding common law contract claims on an insurance policy, the court has held that a plaintiff's Rule 9(h) election should prevail and a defendant's demand for trial by jury denied. *Royal Ins. Co. of Am. V. Hansen*, 125 F.R.D. 5, 15 (D. Mass. 1988). In addition, the Fifth Circuit has held that a defendant has no right to a jury trial in an admiralty claim

7

and that "negligence claims do not alter the historical exclusion of jury trials for admiralty suits." *Becker v. Tidewater Inc.*, 405 F.3d 257, 259 (5th Cir. 2005).

Consequently, since Great Lakes designated its claim as an admiralty action under Rule 9(h), it is entitled to a bench trial. The Defendant is precluded from demanding a jury trial by Rule 38(e), and the claim should be tried to the Bench.

## C.  Conclusion

Defendant has not stated claims upon which relief can be granted with respect to the claims asserted under the Texas DTPA, The Texas Insurance Code, and the Texas Civil Practice and Remedies Code. Therefore, based on the choice of law clause chosen by both parties, applicable federal maritime law, and New York State law, Great Lake's Motion to Dismiss should be granted.

Furthermore, the Defendant's request for a jury trial should be denied according to Fed. R. Civ. P. 38(e).

Respectfully submitted,

**FOWLER RODRIGUEZ VALDES-FAULI**

*/s/ Timothy W. Strickland*
By: _____
Timothy W. Strickland
Attorney-in-charge
State Bar No. 19396298
Federal I.D. No. 13820
Mark Lewis
State Bar No. 12299100
Federal I.D. No. 12799
4 Houston Center, Suite 1560
1331 Lamar
Houston, Texas 77010
Telephone: (713) 654-1560
Facsimile: (713) 654-7930

*Attorneys for Plaintiff, Great Lakes Reinsurance (UK) PLC.*

## CERTIFICATE OF SERVICE

This is to certify that on the 13th day of September, 2010, a true and correct copy of the above and foregoing has been served on all parties through the electronic filing system.

Chris D. Collings
Tanya Y. Niblett
The Collings Law Firm, PLLC
440 Louisiana Street, Suite 1450
Houston, Texas 77002
*Attorneys for Defendant Tico Time Marine*

/s/ Timothy W. Strickland
_____
Timothy W. Strickland