IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREAT LAKES REINSURANCE (UK) PLC | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 4:10-cv-02060 |
| vs. | § | |
| | § | RULE 9(h) ADMIRALTY |
| | § | |
| TICO TIME MARINE, LLC | § | |
| | § | JURY DEMANDED |
| Defendant | § | |

**DEFENDANT'S SUR-REPLY REGARDING MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **TICO TIME MARINE, LLC,** Defendant in the above-entitled and numbered cause of action and files this its Sur-Reply to Plaintiff's Reply pertaining to its Motion to Dismiss, and would respectfully show unto the Honorable Court as follows:

**I.**
**PLAINTIFF CONFUSES "FORUM SELECTION" WITH "CHOICE OF LAW"**

Despite Plaintiff's prior conduct consisting of "procedural fencing" and "forum manipulation," Plaintiff now attempts to equate contractual forum selection clauses with contractual choice of law provisions in an effort to mislead the Court. Specifically, Plaintiff cites to *In re AIU Ins. Co.* in a misplaced effort to convince this Court that the Texas Supreme Court will enforce a valid "*choice of law*" clause found in an insurance policy.[1] Notably, *In re AIU Ins. Co.* does not address any analysis of a "choice of law" provision, but only addresses the validity of a "forum

---

[1] *See* Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Dismiss (at 2 citing In re AIU Ins. Co., 148 S.W.3d 109, 114-15 (Tex. 2004)).

1

selection clause."[2] Moreover, not a single case cited by Plaintiff applies any analysis of a "choice of law" clause in a maritime insurance policy.[3] Virtually every case cited by Plaintiff pertains to a forum selection clause in a passenger ticket.[4]

Consequently, Plaintiff does not cite to any authority contravening the rule that maritime choice of law requires application of state law analysis. Thus, a choice of law analysis "generally requires the application of the law of the state with the 'most significant relationship' to the substantive issue in question."[5] Therefore, it is mandatory that the law of the state with the "most significant relationship" to the particular substantive issue in question be applied.[6]

The Fifth Circuit, applying Texas law, expressly recognizes that "parties cannot require that their contract be governed by the law of a jurisdiction which has no relation whatever to them or their agreement. And they cannot by agreement thwart or offend the public policy of the state the

---

[2]See In re AIU Ins. Co., 148 S.W.3d at 111.

[3]See Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Dismiss (at 2 citing Elliott v. Carnival Cruise Lines, 231 F. Supp. 2d 555, 563 (S.D. Tex. 2002); Garnand v. Carnival Corporation, No. G-06-024, 2006 U.S. Dist. Lexis 33446 at *6 (S.D. Tex. May 16, 2006); and Williams v. M/V Jubilee, 431 F. Supp. 2d 677, 682 (S.D. Tex. 2003)).

[4]See Elliott v. Carnival Cruise Lines, 231 F. Supp. 2d 555, 563 (S.D. Tex. 2002); Garnand v. Carnival Corporation, No. G-06-024, 2006 U.S. Dist. Lexis 33446 at *6 (S.D. Tex. May 16, 2006); and Williams v. M/V Jubilee, 431 F. Supp. 2d 677, 682 (S.D. Tex. 2003).

[5]See Albany Ins. Co. v. Anh Thi Kieu, 927 F.2d 882, 890-91 (5th Cir.1991) (citing Restatement (Second) of Conflict of Laws §6 (1980)); *AGIP Petroleum Co., Inc.*, 920 F.Supp. at 1324.

[6]See Hull & Co., Inc. v. Chandler, 889 S.W.2d 513, 517 (Tex.App.–Houston [14th Dist.] 1994, writ denied) (citing *Albany Ins.*, 927 F.2d at 891 and *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex.1984)).

law of which ought otherwise to apply."[7] Plaintiff would have this Court believe that simply because a choice of law provision appears in a contract, then there is no need to question whether the public policy of the state, the law of which ought otherwise apply, has been thwarted or whether the jurisdiction has any significant relationship to the issues in question.

## II.
## NO EVIDENCE OF SUBSTANTIAL RELATIONSHIP WITH NEW YORK

Plaintiff freely acknowledges that there exists no substantial relationship between New York and the facts in this case. Notably, Plaintiff offers no evidence or proof supporting an alleged substantial relationship between New York and the facts in this case, other than citing to a case in which it appeared before former United States District Judge, Samuel B. Kent.[8] Nevertheless, the court noted that "even if the choice of law provision were to have been found unenforceable, Southern Marine has not adequately shown that Texas has the most substantial relationship to this litigation."[9] Importantly, the court made a factual determination on a case-by-case basis and relied on summary judgment evidence to make its decision in that case. Contrary to the evidence presented in the *Southern Marine* case, Plaintiff has presented no such evidence in this case, and Defendant has made more than an adequate showing that Texas has the most substantial relationship to this litigation.

---

[7]*See Int'l Interests, L.P. v. Hardy*, 448 F.3d 303, 306-07 (5th Cir.2006) (citing *DeSantis v Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990)).

[8]*See* Plaintiff's Reply to Defendant's Response to Plaintiff's Motion to Dismiss (at 4, 6 citing Great Lakes Reinsurance (UK) PLC v. S. Marine Concepts, Inc., No. G-07-276, 2008 U.S. Dist. LEXIS 109327 at *4 (S.D. Tex. 2008)).

[9]*See* Great Lakes Reinsurance (UK) PLC v. S. Marine Concepts, Inc., No. G-07-276, 2008 U.S. Dist. LEXIS 109327 at *4, fn. 1 (S.D. Tex. 2008)).

Importantly, all of Plaintiff's evidence attached in support of its argument that there is no relationship to Texas, proves just the opposite in that there exist no relationship to New York, and that the policy was issued and delivered to Defendant in Texas.

### III.
### CONTRACT MADE AND ENTERED INTO UNDER THE LAWS OF TEXAS

Plaintiff conveniently ignores and refuses to recognize that as a matter of law its contract of insurance is a contract made and entered into under the laws of Texas. Specifically, the Texas Insurance Code states:

> **Any contract of insurance** payable to any citizen or inhabitant of this State by any insurance company or corporation doing business within this State **shall** be held to *be a contract made and entered into under* and by virtue of *the laws of this State* relating to insurance, and governed thereby, [...][10]

Because federal admiralty law recognizes that regulation of marine insurance is to be left with the States, then the laws of Texas must without question govern the subject marine insurance agreement in this case.[11]

### IV.
### NO EVIDENCE OF ADMIRALTY JURISDICTION OVER STATE TORT CLAIMS

Plaintiff continues to ignore and fails to offer any evidence that Defendant's DTPA and Insurance tie-in violations occurred on navigable waters or that this is a case where an injury on land

---

[10]*See* TEX. INS. CODE Art. 21.42; *Valley Forge Ins. Co. v. Shah*, No. CIV A H-05-3056, 2007 WL 737490, at *5 (S.D. Tex., 2007); *Am. Home Assurance Co. v. Safway Steel Prod. Co., Inc.*, 743 S.W.2d 693, 697 (Tex.App.–Austin 1987, writ denied).

[11]*See Wilburn Boat Co.*, 348 U.S. at 313, 321; *Albany Ins. Co.*, 927 F.2d at 886-87, 890-91; *Int'l Interests, L.P.*, 448 F.3d at 306-07; *AGIP Petroleum Co., Inc.*, 920 F.Supp. at 1324; *Stier v Reading & Bates Corp.*, 992 S.W.2d 423, 433 (Tex. 1999); *DeSantis*, 793 S.W.2d at 677-78; and *Hull & Co., Inc. v. Chandler*, 889 S.W.2d at 517-18.

4

was caused by a vessel on navigable water.[12] As previously argued, even if there may be "some connection between the alleged tort and traditional maritime activity, the location test for admiralty jurisdiction is not satisfied in this case...Accordingly, maritime law and its general prohibition against attorney's fees does not apply."[13] Plaintiff continues to offer no evidence that any of the events giving rise to Defendant's DTPA and Insurance tie-in claims occurred on navigable water.

## V.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, TICO TIME MARINE, LLC, respectfully requests that this Court deny Plaintiff's, Great Lakes Reinsurance (UK) PLC, Motion to Dismiss, and grant any other relief, general or special, at law or in equity, to which Defendant may show itself to be justly entitled.

[SIGNATURES ON NEXT PAGE]

---

[12]*See Dinn v. Hooking Bull Boatyard*, No. C-08-309, 2009 U.S. Dist. LEXIS 60702, at *22 (S.D. Tex., 2009) (Memorandum and Order; Judge Rainey presiding)(citing *Crowley Liner Services, Inc. v. Transtainer Corp.,* 2007 U.S. Dist. LEXIS 8332, at *6 (S.D. Fla., 2007)).

[13] *Id.*

Respectfully submitted,

THE COLLINGS LAW FIRM, PLLC

By: _____
Chris D. Collings
Texas Bar No. 24036382
Southern District Bar No. 34249
Tanya Y. Niblett
Texas Bar No. 24065823
Southern District Bar No. 973363
440 Louisiana Street, Suite 1450
Houston, Texas 77002
Telephone: (713) 337-1180
Fax: (713) 337-1179

ATTORNEYS IN CHARGE FOR
DEFENDANT TICO TIME MARINE, LLC

## CERTIFICATE OF SERVICE

    I hereby certify that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing. Service on any party or counsel who is not a Filing User was accomplished via Email, Facsimile, Certified Mail/RRR or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on this the 20th day of September, 2010.

Timothy W. Strickland
Mark E. Lewis
Fowler Rodriguez Valdez-Fauli
4 Houston Center, Suite 1560
1331 Lamar
Houston, Texas 77010

_____
Chris D. Collings