**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GREAT LAKES REINSURANCE** | § | |
| **(UK) PLC,** | § | |
| | § | |
| **Plaintiff,** | § | **C.A. No. 4:10-cv-02060** |
| | § | **Rule 9(h) Admiralty** |
| **V.** | § | |
| | § | |
| **TICO TIME MARINE LLC,** | § | |
| | § | |
| **Defendant** | § | |

**PLAINTIFF GREAT LAKES' RESPONSE TO DEFENDANT'S**
**SUR-REPLY REGARDING PLAINTIFF'S MOTION TO DISMISS**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Great Lakes Reinsurance (UK) PLC ("Great Lakes"), Plaintiff in

the above titled and numbered cause of action and files this Response to Defendant's Sur-

Reply Regarding Plaintiff's Motion To Dismiss, respectfully submitting as follows.

**I.**
**Choice of Law Clause Is Recognized By The Texas Supreme Court And This Court**

Following the insurance agreement's choice of law provision, in the absence of

federal admiralty law, New York law should govern.  Defendant argues that Great Lakes'

reliance on bargained for contract terms is misplaced and that *In re AIU Ins. Co.* would

not apply.  However, the Texas Supreme Court and Fifth Circuit have consistently upheld

parties' abilities to contract regarding <u>both</u> forum selection and choice of law clauses.

The Texas Supreme Court commented on *AIU* in *In re AutoNation, Inc.* when it

held, "[o]ur decisions in *AIU* and *Automated Collection Technologies* regarding the

propriety of mandamus relief in forum-selection cases comport with the principle that

1

parties generally have the freedom to negotiate agreements as they see fit." *In re AutoNation, Inc.* 228 S.W.3d 663, 668 (Tex. 2007), citing *BMG Direct Mktg., Inc. v. Peake*, 178 S.W.3d 763, 767 (Tex. 2005) (noting "Texas's public policy strongly favoring the freedom of parties to contract"); *In re Prudential*, 148 S.W.3d at 129-30 & n.11 (Tex. 2004) (recognizing that "parties have the right to contract as they see fit as long as their agreement does not violate the law or public policy"); *Lawrence v. C.D.B. Servs., Inc.*, 44 S.W.3d 544, 553 (Tex. 2001) ("[W]e have long recognized a strong public policy in favor of preserving the freedom of contract.").

Furthermore, the Texas Supreme court has held that the "objectives behind choice of law rules generally and the Restatement rules in particular 'may best be attained in multistate transactions by letting parties choose the law to govern the validity of the contract and the rights created thereby.'" *Sonat Exploration Co. v. Cudd Pressure Control, Inc.*, 271 S.W.3d 228, 232 (Tex. 2008), quoting Restatement (Second) of Conflict of Laws § 187 cmt. e (1971).

The Fifth Circuit has also consistently held choice of law clauses valid.  See *Stoot v. Fluor Drilling Services, Inc.*, 851 F.2d 1514, 1517 (5th Cir. 1988); *Dupre v. Penrod Drilling Corp.*, 993 F.2d 474, 476 (5th Cir. 1993); *St. Paul Fire & Marine Ins. Co. v. Bd. of Comm'rs of the Port of New Orleans*, 646 F. Supp. 2d 813, 819 (E.D. La. 2009).

Significantly, the Fifth Circuit has already upheld the exact same choice of law clause at issue here, making Defendant's arguments moot.  Plaintiff, Great Lakes, has previously litigated this issue twice, and twice the Fifth Circuit has held that the choice of law clause is valid and that New York law applies. *Great Lakes Reinsurance (UK) PLC v. S. Marine Concepts, Inc.*, No. G-07-276, 2008 U.S. Dist. LEXIS 109327 at *4 (S.D.

Tex. 2008); *Great Lakes Reinsurance (UK) PLC v. Durham Auctions, Inc.*, 585 F.3d 236, 241 (5th Cir. 2009).  Just like the case at bar, Great Lakes sought enforcement of its choice of law clause that selected New York law in the event United States Federal Admiralty Law did not apply.  *S. Marine* at *4; *Durham* at 240.  Both cases involved the exact same choice of law clause as is found in Great Lakes' insurance agreement with Tico Time Marine.  *S. Marine* at *4; *Durham* at 238-39; Exhibit "A" at 13 of 14, ¶11 (Plaintiff's Motion to Dismiss).

Consequently, Defendant's choice of law argument has previously been decided by both the Southern District of Texas and the Fifth Circuit Court of Appeals. Accordingly, Great Lakes respectfully requests that this Honorable Court follow its own precedent and continue to uphold the choice of law clause and continue to hold that New York law will prevail over Texas law, as originally contracted by the parties in this suit.

**II.**
**Great Lakes Has A Substantial Relationship With New York State**

While Defendant has not put forth any evidence showing M/V Tico Time II has any connection to Texas, it continues to argue that Great Lakes has no relationship with New York.  On the other hand, in addition to the choice of law clause evident in the contract, Great Lakes has shown it has a substantial relationship with New York in its Original Petition, subsequent motions, and replies.

More importantly, however, the Fifth Circuit has already held that Great Lakes has a substantial connection to New York, in its application of the substantial relationship test. *S. Marine* at *4-*5; *Durham* at 244.  In *Durham*, the Plaintiff, also Great Lakes, was able to show it had a substantial relationship to New York when the Defendant, Durham

3

Auctions, Inc., challenged Great Lakes' ties to New York under the same policy language disputed in this current action. *Durham* at 238-39. The Fifth Circuit stated:

> We hold that Durham has not carried its burden of showing that application of New York law, as provided in the policy, would be unreasonable or unjust. There is no showing that the fact that Great Lakes, a United Kingdom entity whose most substantial relationship in the United States is with New York, where it maintains its agent for service of process (as also reflected in the policy) and its United States Trust Fund account, does not constitute a reasonable basis for the choice of New York law to govern its marine insurance policy providing hull coverage to an ocean going vessel expected to travel up to 100 miles offshore along the United States Gulf Coast and the Gulf of Mexico. Nor is there any showing that New York law conflicts with any fundamental purpose of maritime law.

*Durham* at 244. Consequently, following this Honorable Court's decisions, Great Lakes has a substantial connection to New York and application of New York law is reasonable and just.

### III.
### Conclusion

Defendant has not stated claims upon which relief can be granted with respect to the State law based claims asserted under the Texas DTPA, The Texas Insurance Code, and the Texas Civil Practice and Remedies Code. Following earlier Fifth Circuit decisions, this Honorable Court should again hold Great Lakes' choice of law clause valid and hold the policy is governed by New York law in the absence of the application of federal admiralty law.

Furthermore, Defendant has offered no evidence to refute Great Lakes' substantial connection to New York State. Nor has Defendant offered any evidence to show any significant connection between Texas and M/V Tico Time II.

Finally, Defendant has not introduced evidence to show it is entitled to a jury trial. Great Lakes designated its claim as an admiralty action under Rule 9(h), and maintains it is entitled to a bench trial.

Therefore, based on the choice of law clause elected by both parties, applicable federal maritime law, and New York State law, Great Lakes' Motion to Dismiss the State law based claims should be granted.  Furthermore, the Defendant's request for a jury trial should be denied according to Fed. R. Civ. P. 38(e).

Respectfully submitted,

**FOWLER RODRIGUEZ VALDES-FAULI**

*/s/ Timothy W. Strickland*

By: _____
      Timothy W. Strickland
      Attorney-in-charge
      State Bar No. 19396298
      Federal I.D. No. 13820
      Mark Lewis
      State Bar No. 12299100
      Federal I.D. No. 12799
      4 Houston Center, Suite 1560
      1331 Lamar
      Houston, Texas 77010
      Telephone: (713) 654-1560
      Facsimile: (713) 654-7930

***Attorneys for Plaintiff, Great Lakes Reinsurance (UK) PLC.***

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 27th day of September, 2010, a true and correct copy of the above and foregoing has been served on all parties through the electronic filing system.

Chris D. Collings
Tanya Y. Niblett
The Collings Law Firm, PLLC
440 Louisiana Street, Suite 1450
Houston, Texas 77002
*Attorneys for Defendant Tico Time Marine*

*/s/ Timothy W. Strickland*
_____
Timothy W. Strickland