**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **GREAT LAKES REINSURANCE** | § | |
| **(UK) PLC,** | § | |
| | § | |
| **Plaintiff,** | § | **C.A. No. 4:10-cv-02060** |
| | § | **Rule 9(h) Admiralty** |
| **V.** | § | |
| | § | |
| **TICO TIME MARINE LLC,** | § | |
| | § | |
| **Defendant** | § | |

**PLAINTIFF GREAT LAKES' MOTION TO RECONSIDER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Great Lakes Reinsurance (UK) PLC ("Great Lakes"), Plaintiff in the above titled and numbered cause of action and files this Motion to Reconsider this Court's October 12, 2010, Order, respectfully submitting as follows:

**I.**
**BACKGROUND**

Plaintiff, Great Lakes, issued a policy of marine insurance to Tico Time Marine, LLC ("TMM"), in 2005, providing coverage to Defendant's vessel the M/V TICO TIME II (the "policy"). The policy was renewed annually, although the policy number and the insured amount changed over the years. On May 5, 2010, the vessel was insured by Plaintiff's policy number OSPYP/1120612, with a policy term of August 31, 2009 - August 31, 2010.

In relevant part, the marine insurance policy contained a choice of law provision which provides:

It is hereby agreed that any dispute arising hereunder shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, this insuring agreement is subject to the substantive laws of the state of New York.

Following the sinking of the vessel, on June 11, 2010, Great Lakes filed an Original Complaint and Request for Declaratory Judgment in this Court invoking the Court's admiralty jurisdiction pursuant to Rule 9(H) of the Federal Rules of Civil Procedures and seeking a declaration that Great Lakes has no obligation to TMM under the marine insurance policy for the vessel.

In response to the declaratory judgment action, TMM filed a counterclaim asserting various causes of action, including claims under the Texas Deceptive Trade Practices Act, The Texas Insurance Code, and a claim for attorney's fees under the Texas Civil Practice and Remedies Code.

On July 30, 2010, Great Lakes filed a Motion to Dismiss, in part, TMM's counterclaims on the bases that the insurance policy at issue provides that any disputes arising under the policy shall be governed by Federal Admiralty Law or the substantive law if the State of New York; and the Texas law contained in the statutes asserted in TMM's causes of action are completely pre-empted by Federal Admiralty law as being inconsistent with established admiralty law principles.

On October 12, 2010, the Court issued its Order granting the motion to dismiss, in part, and dismissing TMM's claims under the DTPA and CPRC as claims for which relief may not be granted under Texas law.  However, the Court's Order denied the motion to dismiss TMM's claims under the Texas Insurance Code, categorizing these claims as extracontractual tort claims not governed by the policy's choice of law clause.

2

Great Lakes respectfully requests that this Court reconsider its Order denying the motion to dismiss TMM's Texas state law-based Texas Insurance Code claims.

## II.
## ARGUMENTS & AUTHORITY

**A.**     ***Admiralty law governs and preempts the Texas-based causes of action***

This Honorable Court found that the marine insurance policy's choice of law provision was valid and enforceable, such that well-established principles of federal admiralty law will apply, and in the absence of such principles, New York law should be applied. Order (Oct. 12, 2010) at 4. In short, pursuant to the policy's valid choice of law provision, the Court should first apply principles and precedents of substantive United States Federal Admiralty law and practice, and only where no such entrenched precedent exists should New York State Law be applied.

However, the Court also ordered that, even though the choice of law clause is valid and enforceable, the choice of law clause is not broad enough to encompass related tort claims, and thus, TMM's Texas Insurance Code claims are not governed by the choice of law provision. Instead, the Court stated that interpretation of the extracontractual tort claims is subject to the laws of New York, and concluded that New York cases support a finding that the choice of law clause does not encompass extra-contractual causes of action. It is on this point and basis that Great Lakes respectfully asks the Court to reconsider its Order.

The Court's analysis begins by incorrectly stating that "[i]nterpretation of the contract is subject to the laws of New York," Order at 5, directly contradicting its previous statement that "well-established principles of federal admiralty law will apply,

and in the absence of such principles, New York law will apply." Order at 4. Thus, the analysis should begin with federal admiralty law, not New York state law.

Under federal Admiralty law, the Texas Insurance Code, DTPA, and CPRC are completely preempted because the Texas statutes are inconsistent with established admiralty principles. Applying and/or addressing admiralty law, many courts have held that consumer protection statutes, such as the DTPA and Texas Insurance Code, are preempted by federal admiralty law when their damage or attorneys' fee provisions conflict with recoverable damages under admiralty law. *E.g. Ingram Barge Co. v. Trifinery Inc.*, No. 89-04334, 1991 AMC 1450 (334th Dist. Ct., Harris County, Tex. Nov. 29, 1990) (discussing *Coastal Ironworks, Inc. v. Petty Ray Geophysical*, 783 F.2d 577 (5th Cir. 1986) & *In re Merry Shipping, Inc.*, 650 F.2d 622 (5th Cir. 1981) (both eschewing DTPA's treble and punitive damages provisions in favor of well-established admiralty precedent)); *see also DeRossi v. Nat'l Loss Mgmt.,* 328 F. Supp. 2d. 283, 288-89 (D. Conn. 2004) (preempting Conn.'s Unfair Trade Practices Act and Unfair Insurance Practices Act as inconsistent with admiralty law).

Specifically, it is a well established maritime principle that, absent extraordinary circumstances not present here, parties are to bear their own attorney's fees and costs. *DeRossi,* 328 F. Supp. 2d. at 288-89. Both the Texas Insurance Code (§ 541.152) and the DTPA allow the prevailing claimant to recover attorney's fees. Thus, these statutes are inconsistent with well-established rules of admiralty. Similarly, statutory allowance of treble and punitive damages is inconsistent with established admiralty rules and precedent, thus preempting these state statutes. *Trifinery*, 1991 AMC 1450.

For example, in an analogous case involving a marine insurance policy, the court granted summary judgment for the insurer, holding that claims under the state Consumer Protection Statute were preempted by federal admiralty law because the damages provisions of the statute regarding attorney's fees and punitive damages were not consistent with the standards established in admiralty law. *DeRossi v. Nat'l Loss Mgmt.,* 328 F. Supp. 2d. 283, 289 (D. Conn. 2004) (citing *Norwalk Cove Marina, Inc. v. S/V ODYSSEUS,* 90 F.Supp. 2d 190, 193 (D. Conn. 2000)). The court specifically stated that because the state-based consumer protection statute allowed for the recovery of attorney's fees, it was inconsistent with admiralty law's application of the "American rule," which is that each party bears its own attorney's fees absent a finding of bad faith. *Id.* at 288-89. *See also In re Park West Galleries, Inc.*, MDL No. 09-2076 RSL, 2010 U.S. Dist. LEXIS 6034, *13 (W.D. Wash. Jan. 5, 2010) (holding that because the damages provisions of the Washington, Connecticut, and Florida Consumer Protection Acts allowed for the recovery of attorney's fees and/or treble damages, they conflicted with the established admiralty law and were preempted); *F.W.F. Inc. v. Detroit Diesel Corp.*, 494 F. Supp. 2d 1342 (S.D. Fla. 2007) (holding that general federal maritime law preempts a claim for damages under the Florida Consumer Protection Statute because the damages provision regarding attorney's fees and punitive damages are not consistent with the standards established in admiralty law).

In the instant case, as the Texas Insurance Code, DTPA, and CPRC claims provide for the recovery of attorneys' fees, treble damages, and punitive damages in some instances, such causes of action are inconsistent with the established principles of admiralty law and are, thus, preempted by the applicable laws of admiralty. Therefore,

TMM's state law claims brought under the Texas Insurance Code, DTPA, and CPRC are not consistent with the standards of established admiralty law, are preempted by admiralty law, and should be dismissed.

**B.      *Choice of Law Provision encompasses Texas Insurance Code Claims***

Alternatively, Great Lakes' respectfully asks this Court to reconsider its finding that the marine insurance policy's choice of law provision is not worded broadly enough to encompass extra-contractual tort claims, such as TMM's Texas Insurance Code claims. The policy's provision should be entirely determinative of TMM's causes of action brought pursuant to the Texas Insurance Code because without the policy, no causes of action would exist.  Furthermore, nothing in the Texas Insurance Code voids the choice of law analysis or precludes a marine insurance policy's choice of law provision from applying in this instance, even where the Texas statute creates a tort cause of action. Additionally, even if state law applies, the policy's "arising hereunder" language is broad enough to encompass all causes of action, including torts, arising from the marine insurance policy because without the underlying marine insurance policy, TMM would have no causes of action, tort or otherwise, under the Texas Insurance Code.  Thus, the policy's choice of law provision was intended to, and should, govern all of TMM's claims.

Moreover, the Court incorrectly looks to New York cases *Knierieman* and *Lehman Bros*. to conclude that the choice of law clause is not broad enough to encompass related tort claims.  However, as noted above and acknowledge by the Court's Order, the Court should have applied admiralty law, which preempts these state law claims, rather than New York law.  The Court's own analysis of the law governing the tort claims states

that general federal maritime choice of law rules apply and, based on this Court's conclusions, Texas has the most significant relationship.

Looking, therefore, to the state this Court has determined to have the most significant relationship, to protect the parties' expectations, Texas courts, like New York Courts, will enforce a valid choice of law clause found in an insurance policy, as is the case here. *In re AIU Ins. Co.*, 148 S.W.3d 109, 114-15 (Tex. 2004). Thus, Texas courts have repeatedly recognized that contracting parties frequently express their own choice of law for the construction and interpretation of their agreement and the claims arising therefrom. Judicial respect for these choices advances the policy of protecting the parties' expectations. *Id*. As an example, courts have recognized and applied contractual choice of law provisions in cruise ship tickets, maritime contracts, to torts arising during the cruises they govern. *See, e.g. Elliott v. Carnival Cruise Lines*, 231 F. Supp. 2d 555, 563 (S.D. Tex. 2002); *Garnand v. Carnival Corporation*, No. G-06-024, 2006 U.S. Dist. Lexis 33446 at *6 (S.D. Tex. May 16, 2006); *Williams v. M/V Jubilee*, 431 F. Supp. 2d 677, 682 (S.D. Tex. 2003).

Even assuming *arguendo* that Admiralty law is not determinative of this issue and New York law applies rather than Admiralty, the cited cases can be distinguished. For example, the *Knieriemen* choice of law clause specifically states that New York law governs "this contract," thereby expressly precluding non-contractual tort claims. Conversely, Great Lakes' choice of law provision covers "any dispute arising hereunder," which should include tort claims arising from the policy's issuance. After all, but for the insurance policy, TMM would have no claims under the Texas Insurance Code. Thus,

the "arising hereunder" language unambiguously covers any dispute arising out of the insurance policy, including claims brought under the Texas Insurance Code.

### III.
### <u>CONCLUSION</u>

WHEREFORE PREMISES CONSIDERED, Plaintiff Great Lakes Reinsurance (UK) PLC respectfully requests that this Honorable Court reconsider its October 12, 2010, Order entered in the above matter and grant Great Lakes' motion to dismiss Defendant TMM's Texas Insurance Code causes of action.

Respectfully submitted,

**FOWLER RODRIGUEZ VALDES-FAULI**

*/s/ Timothy W. Strickland*
By: _____
    Timothy W. Strickland
    Attorney-in-charge
    State Bar No. 19396298
    Federal I.D. No. 13820
    Mark Lewis
    State Bar No. 12299100
    Federal I.D. No. 12799
    4 Houston Center, Suite 1560
    1331 Lamar
    Houston, Texas 77010
    Telephone: (713) 654-1560
    Facsimile: (713) 654-7930

*Attorneys for Plaintiff, Great Lakes Reinsurance (UK) PLC.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 12th day of November, 2010, a true and correct copy of the above and foregoing has been served on all parties through the electronic filing system.

Chris D. Collings
Tanya Y. Niblett
The Collings Law Firm, PLLC
440 Louisiana Street, Suite 1450
Houston, Texas 77002
*Attorneys for Defendant Tico Time Marine*


*/s/ Timothy W. Strickland*
_____
Timothy W. Strickland