IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREAT LAKES REINSURANCE (UK) PLC | § | |
| | § | |
| Plaintiff | § | |
| | § | CIVIL ACTION NO. 4:10-cv-02060 |
| vs. | § | |
| | § | RULE 9(h) ADMIRALTY |
| | § | |
| TICO TIME MARINE, LLC | § | |
| | § | JURY DEMANDED |
| Defendant | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **TICO TIME MARINE, LLC,** (hereinafter "TTM") Defendant in the above-entitled and numbered cause of action and files this its Response to Plaintiff Great Lakes Reinsurance (UK) PLC's (hereinafter "Great Lakes") Motion to Reconsider, and would respectfully show unto the Honorable Court as follows:

**I.**
**RESPONSE TO GREAT LAKES' MOTION TO RECONSIDER**

Notably, not a single argument made by Great Lakes in its Motion to Reconsider is different from any arguments it made in its Motion to Dismiss. Thus, no new arguments are before this Court for it to reconsider, and Great Lakes' Motion should be denied.

**A.    Status and Situs Not Satisfied: No Federal Maritime Preemption**

Great Lakes is requesting this Court to ignore well settled law. It is well established that when a contractual choice of law provision by its terms applies only to the interpretation and

enforcement of the contract, it will not be applied to a cause of action sounding in tort.[1] This Court found the choice of law provision at issue is not broad enough as to encompass related tort claims.[2] Thus, TTM's extracontractual tort claims are not subject to the choice of law provision in the contract.

Furthermore, in considering whether New York or Texas law applies to the extracontractual tort claims, this Court found Texas to have the most significant relationship to the actions giving rise to the alleged violations.[3] It is undisputed that TTM's counterclaims against Great Lakes for violations of the Texas Insurance Code sounds in tort.

Great Lakes wrongfully argues that TTM's counterclaims against Great Lakes for violations of the Texas Insurance Code is inconsistent with admiralty rules and precedent, and thus preempted by the applicable laws of admiralty.[4] However, in order for a court to exercise admiralty jurisdiction over a tort claim, the "activity from which the claim arises 'must satisfy conditions both of location and of connection with maritime activity.'"[5] Therefore, Great Lakes must show that the alleged "tort

---

[1] *See* Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 726-27 (5th Cir. 2003); Stier v. Reading & Bates Corp., 992 S.W.2d 423, 433 (Tex. 1999).

[2] *See* Dkt. 17, at 6.

[3] *Id.*

[4] *See* Dkt. 19, at 3, ¶A.

[5] *See* Dinn v. Hooking Bull Boatyard, No. C-08-309, 2009 U.S. Dist. LEXIS 60702, at *20 (S.D. Tex., 2009)(Memorandum and Order; Judge Rainey presiding)(citing Scarborough v. Clemco Industries, 391 F.3d 660, 663 (5th Cir. 2004)).

was committed on navigable water or the injury suffered on land must have been caused by a vessel on navigable water."[6] Great Lakes has failed to do so.

As previously argued before by TTM, just because the contract (insurance policy) between Great Lakes and TTM may be considered a maritime contract, it does not necessarily follow that TTM's claims against Great Lakes for violations of the Texas Insurance Code are maritime torts subject to the court's admiralty jurisdiction.[7] TTM's counterclaims pertaining to violations of the Texas Insurance Code include misrepresentations made by Great Lakes prior to the policy having been issued and continuing prior to issuing any subsequent renewals. As this Court pointed out in its Order, TTM's counterclaims against Great Lakes for violations of the Texas Insurance Code are based on the following: (1) failure to settle; (2) failure to provide a reasonable explanation for denying a claim; (3) failure to conduct a reasonable investigation; (4) misrepresenting an insurance policy; and (5) failing to pay a valid claim.[8] These claims are independent torts recognized under Texas law for the benefit of Texas residents, and do not "rise or fall" on the contractual language.[9]

Not only did Great Lakes fail to pay a valid claim, but Great Lakes further misrepresented to TTM that coverage would be in place for any accidental physical loss or damage to the vessel. However, when accidental loss or damage occurred, Great Lakes relied on language and terms

---

[6]*See Id.* (citing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)).

[7]*See Id.* at *21.

[8] *See* Dkt. 17, at 7; *see also* Dkt. 6, at 6, ¶C.

[9] *See generally* Fairmont Supply Co. v. Hooks Indus., Inc., 177 S.W.3d 529, 535 (Tex. App.–Houston [1st Dist.] 2005).

outside the policy to deny coverage and cancel the policy.[10] Great Lakes now relies on such misrepresentations for simultaneously denying the claim, cancelling the policy, and bringing the instant action for declaratory relief.

Great Lakes' argument that maritime law preempts the Texas Insurance Code statute is wrong. The Texas Insurance Code violations did not occur on navigable waters and this is not a case where an injury on land was caused by a vessel on navigable water.[11] Consequently, even if there may be "some connection between the alleged tort and traditional maritime activity, the location test for admiralty jurisdiction is not satisfied in this case...Accordingly, maritime law and its general prohibition against attorney's fees does not apply."[12] Great Lakes has offered no evidence that any of the events giving rise to TTM's counterclaims against Great Lakes for violations of the Texas Insurance Code occurred on navigable water.

Therefore, TTM respectfully requests this Honorable Court deny Great Lakes' Motion to Reconsider.

**B.     Contractual Choice of Law Provision Does Not Preclude Texas Insurance Code**

Great Lakes also argues that this Court was wrong in finding that the subject choice of law provision does not encompass extracontractual tort claims. Great Lakes again relies on its same

---

[10] *See* Dkt. 6, at Ex. 5 (Affidavit of TTM's President/Managing Member, Dennis Wilkerson; August 20, 2010).

[11] *See* Dinn v. Hooking Bull Boatyard, No. C-08-309, 2009 U.S. Dist. LEXIS 60702, at *22 (S.D. Tex., 2009) (Memorandum and Order; Judge Rainey presiding)(citing Crowley Liner Services, Inc. v. Transtainer Corp., 2007 U.S. Dist. LEXIS 8332, at *6 (S.D. Fla., 2007)).

[12] *Id.*

argument previously argued and ruled on by this Court, by claiming it's "arising hereunder" language is sufficient. The subject choice of law provision reads as follows:

> It is hereby agreed that **any dispute arising hereunder** shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, **this insuring agreement is subject to the substantive laws of the state of New York.**[13]

Contrary to Great Lakes' argument, there exists no ambiguity that the narrow scope of the choice of law provision is strictly limited to *"this insuring agreement"* and *"any dispute arising hereunder."*[14]

The previous Texas cases cited by TTM[15] are similar and consistent to the cases cited to by this Court in support of its decision, *Knieriemen* and *Lehman Bro.*[16] Similar to *Stier*[17] and *Fairmont Supply*,[18] the choice of law clause in *Knieriemen* stated: "[t]his contract shall be governed by the

---

[13] *See* Dkt. 9, Ex. 2, at 13 (Maritime Insurance Contract; September 15, 2009).

[14] Notably, Great Lakes misapplies the Court's finding as to the choice of law provision and the state that has the most significant relationship between the contractual and tort causes of action. For example, Great Lakes ignores the Court's finding that maritime law and New York law applies as to the maritime contract itself and any breach of contract action arising therefrom. However, New York law does not encompass extracontractual tort causes of action. Therefore, the Court correctly concluded that Texas law applies to tort causes of action, as Texas has the most significant relationship to Great Lakes' tortious conduct.

[15] *See* Dkt. 9, at 9-10.

[16] *See* Dkt. 17, at 5.

[17] *See* Stier v Reading & Bates Corp., 992 S.W.2d 423, 433 (Tex. 1999).

[18] *See* Fairmont Supply Co. v Hooks Indus., Inc., 177 S.W.3d 529, 534 (Tex. App. - Houston [1st Dist.] 2005).

laws of the State of New York."[19] The court similarly also held that the choice of law clause did not apply to the related tort claims.[20] Although pointing out that "no reported New York cases present such a broad clause" to reach tort claims, Great Lakes somehow believes its use of the language "any dispute arising hereunder" is sufficient.[21] As the subject choice of law provision is similar to language used in *Knieriemen*, it too does not encompass extracontractual torts.

Therefore, as the choice of law provision was properly found not broad enough as to encompass extracontractual tort claims, TTM respectfully requests this Honorable Court deny Great Lakes' Motion to Reconsider.

## II.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, TICO TIME MARINE, LLC, respectfully requests that this Court deny Plaintiff's, Great Lakes Reinsurance (UK) PLC, Motion to Reconsider, and grant any other relief, general or special, at law or in equity, to which Defendant may show itself to be justly entitled.

[ SIGNATURE ON NEXT PAGE ]

---

[19] See Knieriemen v. Bache Halsey Stuart Shields Inc., 427 N.Y.S.2d 10 (App. Div. 1980), *overruled on other grounds*, Rescildo v. R.H. Macy's, 594 N.Y.S.2d 139 (App. Div. 1993).

[20] *Id.* at 12-13; *and compare generally with* Stier v. Reading & Bates Corp., 992 S.W.2d 423, 433 (Tex. 1999).

[21] *See* Dkt. 17, at 5-6; *and compare with* Dkt. 19, at 6, ¶B.

Respectfully submitted,

THE COLLINGS LAW FIRM, PLLC

By: _____
Chris D. Collings
Texas Bar No. 24036382
Southern District Bar No. 34249
Tanya Y. Niblett
Texas Bar No. 24065823
Southern District Bar No. 973363
440 Louisiana Street, Suite 1450
Houston, Texas 77002
Telephone: (713) 337-1180
Fax: (713) 337-1179

ATTORNEYS IN CHARGE FOR
DEFENDANT TICO TIME MARINE, LLC

**CERTIFICATE OF SERVICE**

    I hereby certify that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing. Service on any party or counsel who is not a Filing User was accomplished via Email, Facsimile, Certified Mail/RRR or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on this the 3rd day of December, 2010.

Timothy W. Strickland
Mark E. Lewis
Fowler Rodriguez Valdez-Fauli
4 Houston Center, Suite 1560
1331 Lamar
Houston, Texas 77010

_____
Tanya Y. Niblett