IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREAT LAKES REINSURANCE (UK) PLC § <br> § <br> Plaintiff § <br> § <br> vs. § <br> § <br> § <br> TICO TIME MARINE, LLC § <br> § <br> Defendant § | | CIVIL ACTION NO. 4:10-cv-02060 <br><br> RULE 9(h) ADMIRALTY <br><br> JURY DEMANDED |

**DEFENDANT'S MOTION TO RECONSIDER OR
ALTERNATIVE MOTION FOR LEAVE TO AMEND PLEADINGS**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, **TICO TIME MARINE, LLC,** (hereinafter "TTM") Defendant in the above-entitled and numbered cause of action and files this its Motion to Reconsider or Alternative Motion for Leave to Amend Pleadings, and would respectfully show unto the Honorable Court as follows:

**I.
MOTION TO RECONSIDER**

On October 12, 2010, this Honorable Court issued an Order granting, in part, Great Lake's Motion to Dismiss TTM's claims under the DTPA and CPRC, and denied Great Lake's Motion to Dismiss TTM's claims under the Insurance Code.[1] Subsequently, Great Lakes filed a Motion to Reconsider, resulting in this Court issuing an order on March 16, 2011 granting Great Lake's Motion for Reconsideration.[2] Although TTM continues to respectfully disagree that New York law applies, this Court concluded that New York Law applied to the subject insurance contract, although "it is

---

[1] *See* Dkt. 17.

[2] *See* Dkt. 21.

unclear whether *disputes arising under the contract* are subject to the substantive laws of New York if there is no entrenched federal precedent. The contract is thus ambiguous."[3]

It is well settled that ambiguity in a contract is a question of law.[4] Therefore, exceptions and limitations in an insurance contract are construed against the insurer.[5] "'When the language of a policy is susceptible of more than one reasonable construction, the courts will apply the construction which favors the insured and permits recovery.'"[6] As Great Lakes drafted its own insuring agreement, any ambiguity must be construed against Great Lakes and in favor of the insured, TTM. Despite this Court's finding of ambiguity, it was concluded that the Texas Insurance Code violations "are subject to the substantive laws of New York. Since New York does not recognize Texas statutes, the claims must be dismissed."[7] Conversely, the Court should have construed the ambiguity in favor of TTM and concluded that the alleged Texas Insurance Code violations are not subject to the substantive laws of New York based on the contractual ambiguity.

However, even when applying New York law, New York recognizes that "any ambiguity must be construed against the party who drafted the contract."[8] Specifically, New York precedent

---

[3] *Id.* at 5.

[4] *See Ideal Mutual Ins. Co. v. Last Days Evangelical Assoc.*, 783 F.2d 1234, 1238 (5th Cir. 1986) (citing *Airmark, Inc. v. Advanced Sys., Inc.*, 715 F.2d 229, 230 n. 1 (5th Cir. 1983) (applying Texas law)).

[5] *Id.* (citing *Ranger Ins. Co. v. Bowie*, 574 S.W.2d 540, 542 (Tex.1978)).

[6] *Id.* (citing *Ramsay v. Maryland Am. Gen. Ins. Co.*, 533 S.W.2d 344, 346 (Tex.1976)).

[7] *See* Dkt. 21 at 8.

[8] *See TGI Friday's, Inc. v. Int'l Rest. Group, Inc.*, 569 F.2d 895, 898 (5th Cir. 1978) (applying New York law).

establishes "that ambiguities in an insurance policy should be construed in favor of the insured and against the insurer, the drafter of the policy language."[9] Therefore, the alleged Texas Insurance Code violations are not subject to the substantive laws of New York, as Great Lake's negligent failure to observe the conditions of the insurance policy constitute a tort as well as a breach of contract.

When specifically addressing disputes arising out of insurance contracts, the Texas Supreme Court recognizes:

> It is well established under Texas law that "accompanying every contract is a common law duty to perform with care, skill, reasonable expedience and faithfulness the thing agreed to be done, and a negligent failure to observe any of these conditions **is a *tort* as well as a breach of contract**."[10]

Moreover, New York recognizes causes of action for deceptive and misleading business practices that apply to the coverage of an insurance policy. Not only does New York have similar causes of action to those of Texas, New York also permits the recovery of attorney's fees as consequential damages for an insurer's breach of its duty to act in good faith under a policy of insurance.[11] Specifically, *General Business Law § 349* prohibits deceptive and misleading business practices including matters pertaining to insurance coverage and claims procedures.[12] Additionally,

---

[9] *See Mostow v. State Farm Insurance Cos.*, 88 N.Y.2d 321, 326, 645 N.Y.S.2d 421, 423 (N.Y. 1996); *Custom Weld Indus., Inc. v. William J. Chabina Co., Inc.*, 707 N.Y.S.2d 364 (N.Y. App. Div. 2000).

[10] *See Aranda v. Ins. Co. of North America*, 748 S.W.2d 210, 212 (Tex.1988) (quoting *Montgomery Ward & Co. v. Scharrenbeck*, 204 S.W.2d 508, 510 (1947)).

[11] *See* General Business Law § 349(h).

[12] *See Wilner v. Allstate Ins. Co.*, 71 AD3d 155, 160-61, 893 N.Y.S. 2d 208, 213-14, 2010 N.Y. App. Div. LEXIS 257, 2010 NY Slip Op 248 (N.Y. App. Div. 2d Dep't 2010)(citing *Skibinsky v. State Farm Fire & Cas. Co.*, 6 AD3d 975(allegations of intentional misrepresentation concerning coverage of a insurance policy provided to plaintiff); *Acquista v. New York Life Ins. Co.*, 285 AD2d 73 ("allegation that the insurer makes a practice of

New York permits the recovery of consequential damages, including attorney's fees, for an insurer's breach of their implied duty of good faith and fair dealing.[13] Consequently, the application of Federal, Texas, and New York laws cumulatively require that any ambiguity in an insurance contract must be construed against the drafter, availing Plaintiff of its claims for violations of the Texas Insurance Code.

## II.
## ALTERNATIVE MOTION FOR LEAVE TO AMEND PLEADINGS

Should the Court elect not to construe the ambiguity against Great Lakes, TTM alternatively seeks leave of court to amend its pleadings. Given the Court's recent ruling, finding the insuring agreement to be ambiguous as to what law applies in the absence of entrenched maritime precedent, TTM respectfully seeks leave of court to amend its pleadings to assert causes of action against Great Lakes under New York law. TTM makes this request not for purposes of delay, but so that justice may be done.

## III.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant, TICO TIME MARINE, LLC, respectfully requests that this Court grant its Motion to Reconsider or alternatively grant its Motion

---

inordinately delaying and then denying a claim without reference to its viability, may be said to fall within the parameters of" an unfair or deceptive practice)).

[13] *See Bi-Economy Mkt. Inc. v. Harleysville Ins. Co. of N.Y.,* 10 N.Y.3d 187, 195 (N.Y. Sup. Ct. 2008); *Panasia Estates Inc. v. Hudson Ins. Co.*, 10 N.Y.3d 200 (N.Y. 2008); *New England Mut. Life Ins. Co. v. Johnson*, 155 Misc. 2d 680, 683-85 (N.Y. Sup. Ct. 1992); *U.S. Liab. Ins. Co. v. Staten Is. Hosp.*, 162 AD2d 445 (N.Y. App. Div. 2d Dep't 1990); *Sukup v. State of New York*, 19 NY2d 519 (N.Y. 1967).

for Leave of Court to Amend Pleadings, and grant any other relief, general or special, at law or in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

THE COLLINGS LAW FIRM, PLLC

By: _____
Chris D. Collings
Texas Bar No. 24036382
Southern District Bar No. 34249
Tanya Y. Niblett
Texas Bar No. 24065823
Southern District Bar No. 973363
440 Louisiana Street, Suite 1450
Houston, Texas 77002
Telephone: (713) 337-1180
Fax: (713) 337-1179

ATTORNEYS IN CHARGE FOR
DEFENDANT TICO TIME MARINE, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing. Service on any party or counsel who is not a Filing User was accomplished via Email, Facsimile, Certified Mail/RRR or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on this the 27th day of April, 2011.

Timothy W. Strickland
Mark E. Lewis
Fowler Rodriguez Valdez-Fauli
4 Houston Center, Suite 1560
1331 Lamar
Houston, Texas 77010

_____
Chris D. Collings